IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:08-461-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Donovan Isaiah Jones, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Donovan Isaiah Jones' ("Jones") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court dismisses Jones' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2008, Jones pled guilty to being a felon in possession of a firearm and possession with the intent to distribute marijuana. On March 16, 2009, Jones was sentenced to two hundred twelve (212) months' imprisonment. Jones appealed his conviction, and the United States Court of Appeals for the Fourth Circuit affirmed the conviction on October 1, 2009. United States v. Jones, No. 09-4304, 2009 WL 3157640, at *1 (4th Cir. Oct. 1, 2009) (unpublished). Jones filed the instant § 2255 motion on November 9, 2010.[1]

## II. DISCUSSION OF THE LAW

Jones was sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"). See 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.1. Jones alleges that his counsel was constitutionally ineffective for failing to object to him being sentenced as an armed career

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

criminal because his prior state court convictions are not qualifying predicate offenses. (Jones Mem. Supp. § 2255 Mot., generally.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Jones must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Jones must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Jones was properly sentenced as an armed career criminal. Therefore, Jones' counsel was not constitutionally ineffective for failing to object at sentencing. Section 924(e)(1) provides in relevant part that "[i]n the case of a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." When Jones was sentenced, he had seven prior convictions for violent felonies or serious drug convictions, including four prior convictions for failure to stop for a blue light, two prior convictions for possession with the intent to distribute crack cocaine, and one conviction for trafficking crack cocaine. (Presentence Investigation Report ("PSR") ¶¶ 24, 26, 28, 29-32.)

The Fourth Circuit recently held in United States v. Rivers, 595 F.3d 558, 559 (4th Cir. 2010), that in light of the Supreme Court's decision in United States v. Chambers, 129 S. Ct. 687 (2009), "under no circumstance is a violation of South Carolina's blue light statute a violent felony . . . ." However, at the time Jones was sentenced, prior convictions for failure to

2

stop for a blue light qualified as a violent felony for purposes of ACCA. Therefore, Jones' counsel had no basis to object. Moreover, even if the court disregards Jones' four prior convictions for failure to stop for a blue light, Jones qualifies as an armed career criminal because he has three predicate serious drug offenses. Under § 924(e)(2)(A)(ii), the term "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." Jones' two prior convictions for possession with the intent to distribute crack cocaine are serious drug offenses for purposes of ACCA. See United States v. Williams, 508 F.3d 724, 727-28 (4th Cir. 2007) (finding that prior South Carolina conviction for possession with the intent to distribute crack cocaine qualified as a serious drug offense); S.C. Code Ann. § 44-53-375(B)(1). The 2003 possession with intent to distribute crack cocaine indictment to which Jones pled guilty charged "[t]hat Donovan Isaiah Jones did in Spartanburg County on or about July 27, 2003, manufacture, distribute, dispense, deliver, or purchase, or possess with intent to manufacture, distribute, dispense, deliver, or purchase a quantity of Crack Cocaine, a schedule II controlled substance." (PSR ¶ 30.) The 2004 possession with intent to distribute crack cocaine indictment to which Jones pled guilty charged "[t]hat Donovan I. Jones did in Spartanburg County on or about March 4, 2004, manufacture, distribute, dispense, deliver, purchase, or otherwise aid, abet attempt or conspire to manufacture, distribute, dispense, deliver, or purchase a quantity of Crack Cocaine, a schedule II controlled substance." (Id. ¶ 31.) In addition, the maximum term of imprisonment for possession with intent to distribute crack cocaine is ten years or more. S.C. Code Ann. § 44-53-

3

375(B)(1). Further, Jones' prior conviction for trafficking crack cocaine qualifies as a serious drug offense because the indictment to which Jones pled guilty charged

> [t]hat Donovan I. Jones did in Spartanburg County on or about July 20, 2005, knowingly sell, manufacture, deliver, purchase or bring into this State, or did provide financial assistance or did otherwise aid, abet, attempt, or conspire to sell, manufacture, deliver, purchase, or bring into this State, or did knowingly actually or constructively possess more than Ten (10) grams of Cocaine Base and/or Crack Cocaine, a schedule II controlled substance.

Also, the maximum term of imprisonment is ten years or more. See S.C. Code Ann. § 44-53-475(C)(1) (trafficking crack cocaine). Therefore, Jones was properly sentenced as an armed career criminal. Thus, Jones' counsel was not constitutionally ineffective.

It is therefore

**ORDERED** that Jones' § 2255 motion, docket number 60, is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Jones has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 16, 2010

# NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.